UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLIVENS CELESTIN,

                    Plaintiff,

v.                                                           9:12-CV-1612
                                                            (GTS/ATB)

BRIAN FISCHER, Comm'r of DOCCS;
DAVID ROCK, Superintendent, Upstate C.F.;
and ALEC H. FRIEDMANN, Jewish Chaplain,
Upstate C.F.,

                    Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

CLIVENS CELESTIN, 94-A-5376
  Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. ERIC T. SCHNEIDERMAN                 ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Clivens

Celestin ("Plaintiff") against the three above-named New York State correctional employees

("Defendants"), Defendants are (1) Defendants' motion to dismiss for failure to state a claim, (2)

United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending

that Defendants' motion be granted, and (3) Plaintiff's Objection to the Report-

Recommendation. (Dkt. Nos. 15, 19, 21.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted; and Plaintiff's Complaint shall be dismissed without further Order of this Court unless, within 30 days of the date of this Decision and Order, Plaintiff files a properly supported motion to amend that cures the pleading defects identified in the Report-Recommendation and this Decision and Order.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims

Generally, Plaintiff's Complaint alleges that, while he was incarcerated at Upstate Correctional Facility in Malone, New York, Defendants violated his religious rights by denying his request for a religious circumcision at state cost. (Dkt. No. 1.) Based on these factual allegations, Plaintiff asserts the following claims: (1) a claim that Defendants denied him the right to freely practice his Jewish faith in violation of the First Amendment; (2) a claim that Defendants violated his religious rights under the Religious Land Use and Institutionalized Persons Act (" RLUIPA") by disregarding a New York State Department of Corrections and Community Supervision policy on religious practices; and (3) a claim that Defendants violated Plaintiff's right to equal protection under the Fourteenth Amendment because of his Jewish faith and/or "African descent." (*Id*.) Familiarity with the particular factual allegations supporting these claims is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id*.)

### B. Parties' Briefing on Defendants' Motion to Dismiss

Generally, Defendants' motion to dismiss for failure to state a claim asserts the following three arguments: (1) to the extent that Plaintiff purports to bring this action against Defendants

either for monetary damages in their official capacities or pursuant to RLUIPA, those claims are barred by the Eleventh Amendment; (2) Plaintiff has failed to allege facts plausibly suggesting that Defendants were personally involved in the constitutional and statutory violations alleged; and (3) based on Plaintiff's own allegations, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 15, Attach. 1, at Points I-III.)

Generally, Plaintiff's response asserts the following three arguments: (1) Plaintiff seeks monetary damages against Defendants not in their official capacities but solely in their individual capacities; (2) Plaintiff has alleged facts plausibly suggesting Defendants' personal involvement because (a) due to his confinement in a Special Housing Unit during the relevant time period, his ability to "direct[ly] interact[]" with Defendants was "strictly limit[ed]" to communication by inter-departmental correspondence, mail and the grievance process, (b) Plaintiff in fact used the grievance process, filing a grievance that was denied by Defendant Friedman and subsequently investigated by Defendant Rock, and (c) Plaintiff also subsequently wrote letters Defendants Fischer, Rock and Friedman; and (3) Defendants are not entitled to qualified immunity because they knew or should have known that they were violating Plaintiff's clearly established religious rights. (Dkt. No. 16, at Grounds I-III.)

### C. Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter recommends that Defendants' motion be granted for the following two reasons: (1) based on Plaintiff's own allegations, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity with regard to Plaintiff's First Amendment claim, because there appears to be no case law establishing that an inmate has a constitutional right to demand a surgery, religious or otherwise, that is not medically necessary; and (2) Plaintiff's RLUIPA claim must also be

3

dismissed because he seeks only monetary damages with regard to that claim, and monetary damages against the State of New York are not available under RLUIPA. (Dkt. No. 19, at Parts III-IV.) As a result, Magistrate Judge Baxter recommends that, prior to dismissal, Plaintiff be afforded a chance to cure the pleading defects in his claims through the filing of a properly supported motion to amend. (*Id*. at 11.) Familiarity with the particular recommendations and grounds of Magistrate Judge Baxter's Report-Recommendation is assumed in this Decision and Order, which (again) is intended primarily for the review of the parties.

### D. Plaintiff's Objections to the Report-Recommendation

Generally, liberally construed, Plaintiff's Objections to the Report-Recommendation asserts the following two arguments: (1) qualified immunity does not apply because, while Plaintiff's circumcision may not be *medically* necessary, it is far from *cosmetic* in that it is *religiously* necessary, and a denial of that religious necessity is clearly prohibited by the First Amendment, as well as the New York State DOCCS Policy on Religious Programs Practices (under Directive 4202); and (2) Defendants have denied him equal protection under the Fourteenth Amendment because he is a prisoner of "African descent" who is practicing Judaism. (Dkt. No. 21.)

## II. APPLICABLE LEGAL STANDARDS

### A. Legal Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R.

72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.[3]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted).

5

*clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

### B. Legal Standard Governing a Motion to Dismiss

Magistrate Judge Baxter correctly recited the legal standard governing a motion to dismiss for failure to state a claim. (Dkt. No. 19, at Part II.) As a result, that standard is incorporated by reference in this Decision and Order.

## III. ANALYSIS

As an initial matter, even when construed with the utmost of liberality, Plaintiff's Objections fail to specifically challenge Magistrate Judge Baxter's recommendation that Plaintiff's RLUIPA claim be dismissed because he seeks only monetary damages with regard to that claim, and monetary damages against the State of New York are not available under RLUIPA. (*Compare* Dkt. No. 19 *with* Dkt. No. 21.) As a result, for the reasons explained above in Part II.A. of this Decision and Order, the Court need review that portion of Magistrate Judge Baxter's Report-Recommendation for only clear error. After doing so, the Court can find no such clear error: in his Report-Recommendation, Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 19.) As a result, the Court adopts that portion of the Report-Recommendation for the reasons stated therein.

With regard to Magistrate Judge Baxter's recommendation that Plaintiff's First Amendment claim should be dismissed because of the doctrine of qualified immunity, Plaintiff's Objections are liberally construed as leveling a specific challenge, subjecting that recommendation to *de novo* review. After conducting that *de novo* review, the Court can find no error at all in that recommendation: even if the Court were inclined to accept Plaintiff's attempt to cast his request for a medical procedure as one of religious necessity (which the Court

is not inclined to do), such an acceptance would not change the fact that, during the time in question, neither Second Circuit case law nor Supreme Court case law appears to have clearly established Plaintiff's right to the procedure. (Dkt. No. 19.) As a result, based on Plaintiff's own allegations, Defendants would still be protected by law by the doctrine of qualified immunity with regard to Plaintiff's First Amendment claim.

With regard to Plaintiff's Objection that Defendants have denied him equal protection under the Fourteenth Amendment because he is a prisoner of "African descent" who is practicing Judaism, the Court finds that, even when construed with the utmost of liberality, Plaintiff's Complaint fails to allege facts plausibly suggesting an equal protection claim under the Fourteenth Amendment. Generally, to state such an equal protection claim, a plaintiff must allege facts plausibly suggesting that he was intentionally treated differently from others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class. *Darvie v. Countryman*, 08-CV-0715, 2009 WL 161219, at *8 (N.D.N.Y. Jan. 22, 2009) (Lowe, M.J.).[7] Here, the Complaint fails to allege facts plausibly suggesting that non-Jews, non-Blacks or non-prisoners were treated differently than him (intentionally or not) after making similar requests. (*See generally* Dkt. No. 1.)

Finally, as an alternative basis for dismissal of the majority of Plaintiff's claims, the Court relies on the bulk of Defendants' argument that Plaintiff has failed to allege facts plausibly suggesting that Defendants were personally involved in the constitutional and statutory

---

[7] With regard to Plaintiff's allegation that he was treated disparately because he is a prisoner, it is worth noting that "[p]risoners do not comprise a suspect or quasi-suspect class for Equal Protection purposes." *Smith v. Fisher*, 07-CV-1264, 2009 WL 632890, at *10 (N.D.N.Y. Feb. 2, 2009) (Lowe, M.J.) (citing cases).

violations alleged. (*See, supra,* Part I.B. of this Decision and Order.) For example, the Court notes that, while the attachments to Plaintiff original Complaint contain letters to each of the three Defendants, neither the attachments nor the body of the Complaint appears to contain any facts plausibly suggesting that (1) the letters to Defendants Fisher, Rock and Friedmann were sent to their appropriate addresses by appropriate means, and (2) those Defendants failed to subsequently take appropriate action (or an administrative procedure was not in place by which the individuals would not have received the letters). (*See generally* Dkt. No. 1.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) shall be **DISMISSED without further Order of this Court** unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files a properly supported motion to amend pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 7.1(a)(4) of the Local Rules of Practice for this Court, which cures the pleading defects identified in the Report-Recommendation and this Decision and Order.

<u>Plaintiff is advised that his motion to amend must–with specificity–identify exactly how his proposed Amended Complaint differs from his original Complaint.</u>

<u>Plaintiff is also advised that his proposed Amended Complaint must be a complete pleading that will replace and supersede his original Complaint in its entirety, and that will not incorporate by reference any portion of the original Complaint.</u>

9

<u>In the event Plaintiff fails to file such a motion to amend within thirty (30) days of the date of this Decision and Order, this action shall be dismissed without further Order of the Court</u>.

Dated: September 25, 2013
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge